UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BUFORD STAFFNEY                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO. 3:21-CV-724-DPJ-FKB

ALLSTATE INSURANCE;                                                                                   DEFENDANTS
JOHN DOES 1–5; *AND*
ROE CORP. 1–5

ORDER

Plaintiff Buford Staffney contends that Defendant Allstate Insurance delayed payment on, or constructively denied, his insurance claim through bad faith and unfair trade practices. Three weeks after the discovery period began, Allstate moved for partial summary judgment on Staffney's claims for extra-contractual and punitive damages. The Court finds that Staffney should be allowed some discovery before responding to Allstate's summary-judgment motion. Accordingly, Allstate's Motion [13] is denied without prejudice under Federal Rule of Civil Procedure 56(d)(1).

I.      Factual Background

On August 27, 2018, Staffney was involved in a car wreck; he notified Allstate the next day, thus initiating a claim on his auto policy. Over the next three years, Allstate corresponded with Staffney's attorney while attempting to compile Staffney's medical records and bills. It does not appear that Staffney ever provided a complete set, though he argues that Allstate had most, if not all, of the records by August 2019. Frustrated by the alleged delay, Staffney sued Allstate in state court in October 2021. Allstate promptly removed the case to this Court, where diversity jurisdiction exists.

On January 7, 2022, the magistrate judge conducted a case-management conference and initiated the discovery period. Twenty-one days later, Allstate filed its motion for partial

summary judgment. Staffney opposes summary judgment on two grounds: (1) the motion is premature and (2) material factual disputes exist on the present record. He also filed a motion to allow a surreply, which the Court deems moot.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although a party may seek "summary judgment at any time," Fed. R. Civ. P. 56(b), the rule contemplates a motion "after adequate time for discovery." *Celotex*, 477 U.S. at 322. As such, Rule 56(d) offers a safe harbor when summary judgment is prematurely sought.[1] The rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order

Fed. R. Civ. P. 56(d).

> Rule 56(d) motions for additional discovery are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" Nevertheless, non-moving parties requesting Rule 56(d) relief "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Instead, the non-moving party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."

*Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam) (citations omitted) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).

---

[1] Staffney cites Rule 56(f) in his response, but these provisions are now found under Rule 56(d).

III.   Analysis

Allstate urges the Court to consider its motion on the present record, offering two primary arguments against invoking Rule 56(d).  First, it notes that Staffney never filed a motion seeking additional discovery.  Second, it states that his request fails to offer a plausible basis to believe discovery would influence the outcome.  Both arguments are somewhat persuasive, but the Court concludes that Staffney should receive some discovery before responding to a summary-judgment motion.

A.   Procedural Argument

As Allstate notes, Staffney requests discovery under Rule 56(d) but never filed a motion seeking that relief.  That violates three rules.  First, Uniform Local Rule 7(b) states, "[A]n application for relief or other action by the court must be presented by a motion."  Second, Uniform Local Rule 7(b)(3)(C) states, "A response to a motion may not include a counter-motion in the same document."  Third, "the appropriate way to raise [a request for relief under Rule 56(d)] is for the party opposing the motion for summary judgment to file a motion for a continuance with an attached affidavit stating why the party cannot present by affidavit facts essential to justify the party's opposition."  *Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999).

That said, this is not the typical case where a party generically asks for discovery in a summary-judgment response without offering an affidavit or any meaningful description of the discovery they seek.  For example, in *Access Telecom*, the corporate plaintiff waived the discovery question because it neither filed a motion nor an affidavit.  *Id.*  In addition, the Fifth Circuit noted as to Rule 56(d)'s antecedent that "a party's failure to comply with Rule 56(f) procedure does not preclude consideration of the motion . . . ."  *Fontenot v. Upjohn Co.*, 780

F.2d 1190, 1194 (5th Cir. 1986) (citing *Littlejohn v. Shell Oil Co.*, 483 F.2d 1140, 1146 (5th Cir. 1973) (noting that "[f]orm is not to be exalted over fair procedures")). What the court requires is "some equivalent statement, preferably in writing," to what the rule requires. *Id.*

Here, Staffney provided an affidavit from counsel describing the need for discovery and the discovery Staffney hoped to take. Had that document been docketed separately—and not as an exhibit to the summary-judgment response—then the asserted procedural errors would be no impediment to considering the merits. Moreover, counsel spelled out the basis for the discovery request, giving Allstate ample notice and an opportunity to substantively address the issue (which it did). Under the circumstances, the Court exercises its discretion and concludes that Staffney has placed the Rule 56(d) issue before the Court.

B. Merits

Allstate sought partial summary judgment three weeks after the discovery began and before Staffney could conduct any. He therefore requests discovery related to: (1) Allstate's internal policies and procedures and (2) the steps Allstate took regarding his particular claim. *See* Pl.'s Opp'n Mem. [39] at 8; *see also* Clay Aff. [42] at 2–3. In an affidavit, Staffney's counsel explains that

> there are reasonable grounds to believe that the further discovery requested herein will assist Plaintiff to create genuine, triable issues of material fact.
>
> The documents already in Plaintiff[']s possession indicate that (1) Allstate received documents as early as a one week after the incident, containing ICD 10 codes and bills; (2) the insurer never reviewed these documents; (3) the insurer never responded to any of the demands submitted by its insured; (4) that the insurer fail[ed] to keep a record of the documents that were sent to it; (5) that the insurer assigned multiple adjuster to the claim to create confusion, create a loss of continuity with regard to documents and conversation and (6) that the insurer failed to communicate any information with regard to the plaintiff regarding the status of their evaluation of the claim despite multiple demands and numerous records submitted to it.

4

Clay Aff. [42] ¶¶ 9.B, 13–14.

Allstate responds that none of this sets "forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist" that would "influence the outcome of the pending summary judgment motion." Def.'s Reply [43] at 10 (quoting *Raby*, 600 F.3d at 561). This presents a close call because it is not apparent that Staffney ever provided a complete set of medical records. That said, absent *any* discovery, the Court is reluctant to reject the possibility that Allstate had enough to move forward in some way, and Allstate's own policies may speak to that issue. In short, Staffney should receive some discovery before he is forced to address Allstate's motion.

That said, the Court is not sure it is doing Staffney any favors. The discovery he seeks will be costly to obtain, and, based on the present record, he may have little hope of sending this issue to a jury. As he correctly notes in his memorandum, "Mississippi courts are skeptical of" suits "to recover damages on bad faith claims when resolution of an insurance claim is merely delayed rather than ultimately denied." *James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014) (citing *Travelers Indem. Co. v. Wetherbee*, 368 So. 2d 829, 834–35 (Miss. 1979)). And, here, it seems that Staffney never provided a complete set of records. Of course, the discovery will be costly for Allstate as well. Accordingly, the Court instructs the parties to set the matter for a settlement conference before Magistrate Judge Keith Ball before any additional discovery is conducted.

III.   Conclusion

The Court has considered all arguments; any not addressed would not have changed this result. Because additional discovery is warranted in this case, Allstate's Motion for Partial Summary Judgment is denied without prejudice. Staffney's Motion for Leave to File a Surreply

is denied as moot. Finally, the parties are instructed to contact the magistrate judge within seven days of this order to set the matter for settlement conference.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
